THE NASSAU BANK, Appellant, *v.* JOSEPH CAMPBELL, as Executor, and Others, Respondents.

*Stock note — certificate of no defense thereto, when immaterial — erroneous rulings as to evidence.*

Where, upon the trial of an action, no question is made as to the validity of certain notes, and the question is whether the indorser was not discharged by the action of the holder thereof in impairing the collateral security, the presence or absence of certificates to the effect that the notes are *bona fide* notes, and that there is no defense to the same, does not change the rule of law to be applied.

The fact that, upon an appeal from a judgment dismissing a complaint, it appears that some of the exceptions to the rulings upon questions of evidence were well taken, does not justify a reversal when there was sufficient competent evidence to present one point involved, which was controlling upon the trial judge, and justified his dismissal of the complaint.

APPEAL by the plaintiff, The Nassau Bank, from a judgment of the Supreme Court in favor of the defendants, entered in the office

of the clerk of the city and county of New York on the 17th day of June, 1893, upon a decision of the court dismissing the plaintiff's complaint and for costs, rendered after a trial at the New York Circuit.

*Aaron P. Whitehead,* for the appellant.

*William H. Arnoux,* for the respondents.

PER CURIAM :

On the 12th of April, 1886, the firm of Phyfe & Campbell made two promissory notes to the order of William Campbell, who indorsed the same. These notes on their face expressed that they were what are commonly termed "stock notes," having certain bonds deposited therewith as collateral security. After the notes were made and delivered, and without the consent of William Campbell, the bonds were stamped on their face as subordinate to a junior lien on the land, upon which there was a mortgage to secure such collateral bonds.

The law of this case was settled upon the former appeal, which is reported in 63 Hun, 229. Upon the new trial counsel was asked to state wherein the proof differed from that appearing before this court upon the former appeal, and he thereupon stated that the certificates were not before the General Term, and that there may have been other testimony. These certificates were certificates that the notes themselves were *bona fide* notes, and that there was no defense to the same. But these certificates did not change the rule of law to be applied, because no question was made as to the validity of the notes, the question being as to whether the indorser of the valid notes was not discharged by the action of the holder thereof in impairing the collateral security.

Upon this appeal, what other testimony there may be in the case has not been pointed out by the appellant, and upon examination we do not see that there is any testimony which would present any different question from that disposed of on the former appeal, and which would not make the decision then reached controlling.

Though some of the exceptions to rulings upon questions of evidence might be good, no advantage therefrom could be derived by

the appellant, for the reason that there was sufficient competent evidence to raise one point involved, which was controlling upon the trial judge, and justified his dismissal of the complaint.

The judgment appealed from should, therefore, be affirmed, with costs.

Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Judgment affirmed, with costs.